DOE EX DEM. JOHN G. AND GEORGE McCULLOUGH v. WILLIAM LEE.

While the statute of descents of 1805 was in force, if an infant died seized of an estate inherited from the father, leaving neither brother nor sister, the mother, as next of kin, inherited the estate, to the exclusion of the father's sister.

RESERVED in the county of Harrison.

A statement, agreed to by counsel, presents the following facts : Edward Yealhall died in 1813, in Athens township, in the county of Harrison, seized of forty acres of land, situate in said county, leaving Ruth Yealhall, his widow, and an infant child, who died the following year. Elizabeth, the sister of Edward, survived him, and, on the death of the child, claimed the land by inheritance

9

from her brother, and executed a deed for an undivided moiety to the plaintiff's lessors, under which they claim title.

The widow, after the death of the child, executed a conveyance for the whole lot to the defendant, who claims that by the death of the child, the land ascended to the mother.

BEEBE, for the plaintiff.

DEWEY, for the defendant.

Opinion of the court, by Judge WOOD:

The question is, under this agreed case, whether Elizabeth Yeal-hall, the *sister* of the ancestor from whom the estate *came, or Ruth, the *widow*, and *mother* of the child, inherited the land. This must depend on the statute of February 22, 1805, which continued in force until June 1, 1815, when the act of December 19, 1814, took effect, and repealed some of its provisions.

The statute of 1805, 1 Chase's Stat. 515, sec. 2, enacts, that if the estate came by descent, etc., "from an ancestor, it shall descend to the children of the intestate, or their legal representatives.

"That, if there be no children or their legal representatives, the estate shall pass to the brothers and sisters of the intestate and their legal representatives: *Provided*, they are of the blood of the ancestors from whom the estate came. That, if there be no brothers or sisters, or their legal representatives, the estate shall pass to the *next of kin to*, and of the *blood of the intestate.*"

Have we not, then, the very case to which this statute applies? This estate came by descent from the ancestor to the intestate, who died without issue. There are no children, nor their representatives, to whom it can descend. There are no brothers nor sisters of the intestate; and, in the language of the statute, it must pass to the *next of kin to*, and of the *blood of the intestate.* The investigation is limited to the single inquiry, *who is the next of kin to, and of the blood of the intestate?* The *mother*, Ruth, or the *aunt*, Elizabeth.

In 2 Nels. Ab. 1077, 1078, it is said, " Kindred are a certain body of persons of kin, or related to each other; that there are three degrees of kindred, in the English law. One in the right line *descending*, as from the father to his son, and so on to his children in the male and female line, and their representatives. The next is the right line of *ascending*, which is directly upward, as from the

son to the father or *mother."* There being no heirs in the right line: descending, it results that the mother stands in the next degree of kin to the intestate, and inherits the estate; for it is the third degree, says *Jacob,* in the *collateral* line, which descends by the brother and his children downward, or by the uncle upward. The title of the mother must prevail over that set up by the aunt; and, conse- .quently, there must be judgment for the defendant.